# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DALE BARTA, | ) | 8:19CV506 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| TAMI YEOMANS; RODNEY O'NEIL; KURBY ALLOWAY, Depty; SECOND DEPTY; DAUNE BROCKMAN; LINDA HEERMAN; DALE CRANDELL; JACK TODD; GREG TODD; JAMES D. GOTSCHALL; and LARRY DONNER, Sheriff, | ) | |
| Defendants. | ) | |

Plaintiff, Dale Barta ("Barta"), who appears pro se, filed his complaint on November 19, 2019. (Filing 1) He has been given leave to proceed in forma pauperis. (Filing 5) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

Barta's complaint is short on facts, but long on exhibits (51 pages worth). Barta is attempting to revive two actions that were previously filed in this court, *Dale L. Barta v. Jack Todd, Greg Todd, and James D. Gotschall, Attorney*, Case No. 8:06CV515 (filed on July 27, 2006), and *Dale Barta v. Tami Yeomans, Rodney O'Neil, Kurby Alloway, Trevor Kruse, Duane Brockman, Linda Heermann, Dale Crandell, and Larry Donner,* Case No. 8:16CV242 (filed on May 31, 2016).[1] The only change in parties is that an unidentified "Second Depty" has replaced Loup County Sheriff Trevor Kraus (or "Kruse") as a defendant in this action.

In the 2006 action, Barta claimed the defendants violated the discharge injunction of the Bankruptcy Act, 11 U.S.C. § 524, when they obtained a state court judgment against him in 2000 and removed cattle from his farm and sold them in 2002. The matter was referred to the United States Bankruptcy Court for the District of Nebraska on July 31, 2006, as being related to Barta's Chapter 12 bankruptcy proceeding, BK 96-40899. On December 1, 2006,

---

[1]The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.* The court can also sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

in adversary case A06-4061, the bankruptcy court granted summary judgment in favor of the defendants.

In the 2016 action, Barta claimed to be the owner of property (by virtue of a federal land patent) for which Tami Yeomans is the owner of record and Ryan O'Neel (or "O'Neil") is the tenant. Barta complained that Garfield County Clerk Linda Heermann (or "Heerman") and Garfield County Attorney Dale Crandall (or "Crandell") refused to record documents that the plaintiff attempted to file asserting ownership of the property, that when Barta attempted to stop O'Neel from using the property by parking his truck in the way, Garfield County Deputy Sheriff Kirby Holloway (or "Kurby Alloway") and another officer (incorrectly identified as Kraus) had the truck towed by Duane Brockman of Duane's Auto Repair, and that Garfield County Sheriff Larry Donner didn't stop them. Barta sought to recover damages, asserting that Heermann and Crandall violated his unspecified civil rights, that Yeomans and O'Neel were trespassing, and that towing his truck was unjustified without a court order. In a memorandum and order entered on January 30, 2017, the court dismissed the claims against the five county officials (Heermann, Crandall, Holloway, Kraus, and Donner) for lack of proper service and dismissed the claims against the other three defendants (Yeomans, O'Neel, and Brockman) for lack of subject matter jurisdiction.

With that background in mind, the court will attempt to make sense of Barta's pleading in the present action. In the portion of the caption where the Rule 7(a) designation (i.e. "Complaint") would normally appear, Barta instead lists the following concepts or theories of recovery:

> CIVIL RIGHT'S VOLATION
> DEFAULT COLLECTION
> STATEMENT OF FACTS
> CRIMINAL TRESPASSING
> HOMESTEAD RIGHTS
> Crime Victim's rights,
> Refusing to file homestead and land patent
> ESTOPPLE, Title 18-1964
> 18 U.S. Code 3771. Victim's Rights,

(Filing 1, p. 1) (spelling and punctuation as in original) And the body of the complaint reads in its entirety:

> COMES NOW, Dale Barta, Pauper: Motion of Statement of Fact's. 18 U.S. Code 3771 Code Victim's rights. Nebraska fully recognizes Land Patents, Homestead, as Proof of ownership, Nebraska Revised Statues 25-1283. Crime Victim's rights, asked for a court appointed attorney, was refused. Title 18 – 3771.
> EXHIBIT 1: Warranty Deed
> EXHIBIT 2: United States Department of the Interior Bureau of Land Management.
> EXHIBIT A: Bankrucpty Court Order
> EXHIBIT B: Edited Excerpts from: Do you own your land.
> EXHIBIT C: Notice of Land Patent.
> EXHIBIT F: HOMESTEAD.
> EXHIBIT H: DECLARATION OF HOMESTEAD.
> EXHIBIT I: Land Description – Attachment A.
> EXHIBIT J: Nebraska fully recognizes land patents as proof.
> EXHIBIT K. Return of Unfilled Documents.
> EXHIBIT L. Land Patent or NOTICE of LIS PENDENS.
> EXHIBIT M: Crime victims' rights
> EXHIBIT N: Trespassing Pictures of taking of Pickup from property.
> EXHIBIT O: Picture of thief of Livestalk.
> AFFIDAVIT OF FACTS. Are EXHIBIT 1, 2, A, B, C, F THROUGH O.
> Pound Beach, 15 U.S.C., 28 - 91 or 91(cb) destroys, removes, impairs the availability of any Public record. U.S.C. -5. On May 4, of 2000, Order from Unite States Bankruptcy Court Discharging all creditors are prohibited from attempting to collect any debt that has been discharged in this case.
> On 2002 the Garfield County Sheriff and Depty's and other individual's did trespass and steal, removing cows, calves, and bulls to the burwell sale barn and were sold on April 19 2002. At that time were sold for $28020.02. Asking the cost of replacement is $45900.00 for cows only. Calves valued at $354375.00. Bulls value $12000.00, and interest from 2002.
> GARFIELD COUNTY ATTORNEY refused to file Federal Papers that was presented to the court clerk by Dale Barta Plaintiff, sent certified mail and was returned unfilled.

>       Carl and Linda Molesworth name has been added to the land as ownership, are not the owners. Dale and Sherill Barta are the owners of this property. Carl and Linda Moesworth were given survivor ship nothing else.
>       Rodney O'Neal, Tami Yeoman, on June 10- 2013 was the start of this trespassing. Also on October 25 2018, and on October 27, 2019 moved a large group of cattle on Dale Barta property without permission. Dale Barta was never offered any payment, this has been Criminal trespass for the last 7 years. 18 U. S. C. Section 245, Criminal trespass, $125.000.00 each for 7 years plus interest.
>       Kurby Alloway, $300,000.00, Duane Brockman $10.000.00, Loss for the use of pickup $91.000.00, Pickup value $6500.00, tools $1000.00, replacement of pickup $10.000.00, Color of Law, $25000.00. Plus Interest
>       For removal of trees and wear and replacing of windmill's, $55.000.00. plus interest.

(Filing 1, pp. 1-3) (spelling and punctuation as in original)

As part of its initial review, this court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Looking first at federal question jurisdiction, Barta appears to be claiming that Garfield County officials violated his civil rights when Heermann and Crandall refused to record his claim of ownership to the farm property, when Donner facilitated the removal and sale of cattle pursuant to a writ of execution, and when Holloway and "Second Depty" had

his pickup towed away.[2] Even if Barta could allege sufficient facts to show a constitutional violation, it is evident that any § 1983 civil rights claim[3] is time-barred: Exhibit K establishes that the county attorney and register of deeds returned Barta's homestead declaration to him on February 28, 2013 (Filing 1, p. 26); Barta alleges that the seized cattle were sold at auction on April 19, 2002 (Filing 1, p. 2); and Exhibit N establishes that the pickup was towed on June 10, 2013 (Filing 1, p. 38).[4]

The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Nebraska, § 1983 actions are subject to a 4-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated ...."). Because Barta's purported civil rights claims accrued more than 4 years prior to the filing of this lawsuit, they are barred by the statute of limitations.[5]

---

[2] These defendants are being sued for acts done in the performance of their duties as government officials, and the complaint does not name them in their individual capacities. It is presumed that they are sued only in their official capacities. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents. *Id.* at 925. Garfield County can only be held liable if it *itself* has caused the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). In other words, there can be no respondeat superior or vicarious liability. *Id.*

[3] To state a claim under 42 U.S.C. .§ 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

[5] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the

Barta's citation to "ESTOPPLE, Title 18-1964" in the caption of the complaint is apparently a reference to 18 U.S.C. § 1964(d), part of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, which provides that "[a] final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States." As the court explained to Barta when dismissing his 2016 lawsuit, that statute has no possible application here. See Memorandum and Order entered on January 30, 2017, in Case No. 8:16CV242 (Filing 35, p. 5).

Barta next cites "18 U.S. Code 3771. Victim's Rights." This federal statute does not provide a cause of action for damages. *See* 18 U.S.C. § 3771(d)(6) ("Nothing in [the Crime Victims' Rights Act ("CVRA")] shall be construed to authorize a cause of action for damages ...."); *In re Burgess*, 739 F. App'x 169, 172 (3d Cir. 2018); *Tuan Nguyen v. Kelly*, No. 816CV1950-JLS-KESx, 2017 WL 8231243, at *1 (C.D. Cal. Mar. 16, 2017).

Barta also cites "15 U.S.C., 28 - 91 or 91(cb)" and "U.S.C. -5," which are not valid citations to any federal statute. From the context of the complaint, however, it appears that Barta is actually referencing Neb. Rev. Stat. Ann. § 28-911, which makes "abuse of public records" a Class II misdemeanor. Even if this Nebraska statute might have some application here, it does not provide a basis for federal question jurisdiction.

Finally, with respect to federal question jurisdiction, Barta alleges that the bankruptcy court's May 4, 2000 order prohibits creditors from attempting to collect discharged debts. The only debt collection activity alleged in the complaint is the 2002 seizure and sale of cattle, and that claim has been fully litigated, with the bankruptcy court ruling against Barta for several reasons. See Memorandum and Order entered on December 1, 2006, in the United States Bankruptcy Court for the District of Nebraska, Case No. A06-4061, Filing No. 28. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the

---

plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

parties or their privies from relitigating issues that were or could have been raised in that action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Taking judicial notice of the 2006 and 2016 case files, the court finds that Barta and all defendants are alleged to be Nebraska citizens, such that diversity jurisdiction does not exist. This means that Barta's state law claims can only be litigated in this action through exercise of the court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). However, the court declines to exercise supplemental jurisdiction in this case because all federal claims alleged by Barta will be dismissed preservice without leave to amend.[6] *See* 28 U.S.C. § 1367(c)(3) (authorizing district court to decline supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction."). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, (1988); *see Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("After the § 1983 claims were dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.").

III. CONCLUSION

Barta's complaint fails to state a claim upon which relief may be granted under federal law, and the court declines to exercise supplemental jurisdiction over any state law claims. The court will not grant Barta leave to amend because amendment would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's action is dismissed without prejudice.

---

[6] Amendment would be futile because the § 1983 claims are time-barred, the RICO and CVRA claims are frivolous, and the Bankruptcy Act claim is barred by res judicata.

2.	Judgment shall be entered by separate document.

DATED this 7th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge